```
                    FILED
         CLERK, U.S. DISTRICT COURT

              12/3/2024

    CENTRAL DISTRICT OF CALIFORNIA
    BY: ___MMC___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOHN ANTHONY VALENZUELA,<br><br>　　　　Defendant. | CR No. 5:24-CR-00281-KK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(o)(1): Possession of Machineguns; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 26 U.S.C. § 5861(i): Possession of Firearms Not Identified by Serial Number; 18 U.S.C. § 641: Theft of Government Property in Excess of $1,000; 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Defendant JOHN ANTHONY VALENZUELA worked as a Skilled Trades Worker contractor at the Fort Irwin National Training Center for the United States Army ("Fort Irwin") in San Bernardino County within the Central District of California.

2. As a Skilled Trades Worker contractor at Fort Irwin, defendant VALENZUELA had access to military pyrotechnic devices and equipment.

3. At no point did defendant VALENZUELA have permission from the United States Army to remove any military equipment from Fort Irwin.

4. These Introductory Allegations are hereby incorporated by reference into Count 26 of this Indictment as though fully set forth therein.

COUNT ONE

[18 U.S.C. § 922(o)(1)]

On or about March 15, 2024, in San Bernardino County, within the Central District of California, defendant JOHN ANTHONY VALENZUELA knowingly possessed the following machineguns, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), which defendant VALENZUELA knew to be machineguns:

  1.  A Polymer 80, model PF940C, 9x19mm firearm, bearing no serial number, equipped with an auto sear conversion device which was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun; and

  2.  Seven machinegun conversion devices (also known as "auto sears"), bearing no serial numbers, that were designed and intended, solely and exclusively, for use in converting a weapon into a machinegun.

COUNTS TWO THROUGH THIRTEEN

[26 U.S.C. § 5861(d)]

On or about March 15, 2024, in San Bernardino County, within the Central District of California, defendant JOHN ANTHONY VALENZUELA knowingly possessed the following firearms, each of which defendant VALENZUELA knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and which had not been registered to defendant VALENZUELA in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|---|---|
| TWO | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2A] |
| THREE | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2B] |
| FOUR | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2C] |
| FIVE | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2D] |
| SIX | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2E] |
| SEVEN | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2F] |
| EIGHT | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2G] |
| NINE | A black firearm silencer, bearing no serial number [ATF Ex. 3A] |
| TEN | A black firearm silencer, bearing no serial number [ATF Ex. 3B] |
| ELEVEN | A black firearm silencer, bearing no serial number [ATF Ex. 3C] |

| COUNT | DESCRIPTION |
|---|---|
| TWELVE | A black firearm silencer, bearing no serial number [ATF Ex. 3D] |
| THIRTEEN | A black firearm silencer, bearing no serial number [ATF Ex. 5C] |

COUNTS FOURTEEN THROUGH TWENTY-FIVE

[26 U.S.C. § 5861(i)]

On or about March 15, 2024, in San Bernardino County, within the Central District of California, defendant JOHN ANTHONY VALENZUELA knowingly possessed the following firearms, each of which defendant VALENZUELA knew to be a firearm and firearm silencer, as defined in Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(25), and which were not identified by a serial number, as required by Title 26, United States Code, Chapter 53:

| COUNT | DESCRIPTION |
|---|---|
| FOURTEEN | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2A] |
| FIFTEEN | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2B] |
| SIXTEEN | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2C] |
| SEVENTEEN | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2D] |
| EIGHTEEN | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2E] |
| NINETEEN | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2F] |
| TWENTY | A silver-colored firearm silencer, bearing no serial number [ATF Ex. 2G] |
| TWENTY-ONE | A black firearm silencer, bearing no serial number [ATF Ex. 3A] |
| TWENTY-TWO | A black firearm silencer, bearing no serial number [ATF Ex. 3B] |
| TWENTY-THREE | A black firearm silencer, bearing no serial number [ATF Ex. 3C] |
| TWENTY-FOUR | A black firearm silencer, bearing no serial number [ATF Ex. 3D] |

| COUNT | DESCRIPTION |
|---|---|
| TWENTY-FIVE | A black firearm silencer, bearing no serial number [ATF Ex. 5C] |

COUNT TWENTY-SIX

[18 U.S.C. § 641]

On or about March 15, 2024, in San Bernardino County, within the Central District of California, defendant JOHN ANTHONY VALENZUELA knowingly and willfully stole, purloined, and converted to his own use property of the United States Army, a uniformed service of the United States, having a value in the aggregate in excess of $1,000, namely, approximately $2,218 in military pyrotechnic equipment, to which he knew that he was not entitled, with the intent to deprive the United States Army of the use and benefit of that property.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

5. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

6. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

7. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Two through Twenty-Six of this Indictment.

8. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm involved in any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Twenty-Seven of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /S/_____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis*

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDER H. TRAN
Assistant United States Attorney
General Crimes Section